In the United States District Court for
the District of Maryland

| | | |
|---|---|---|
| **United States** | : | |
| | : | |
| | : | |
| **v.** | : | Case No. 24-cr-152-DLB |
| | : | |
| **John Richard Ferguson,** | : | |
| | : | |
| **Defendant** | : | |

## Motion to Suppress Statements

John Richard Ferguson, through his attorneys, Assistant Federal Public Defenders Ellie Marranzini and Cynthia Frezzo, respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any and all statements he made to law enforcement, whether oral, written, or recorded.[1]

On or about February 29, 2024,[2] federal agents subjected Mr. Ferguson to a custodial interrogation. While the agents advised Mr. Ferguson of his rights pursuant to <u>Garrity v. New Jersey</u>, 385 U.S. 493 (1967),[3] the agents entirely failed to advise Mr. Ferguson of his <u>Miranda</u> rights. As such, any oral, written or other recorded statements given by Mr. Ferguson to law enforcement on February 29, 2024, were obtained in violation of his rights under the Fifth and Sixth Amendments and must therefore be suppressed.

---

[1] As discovery is still ongoing, Mr. Ferguson reserves the right to supplement this Motion with regard to his statements and any evidence derived therefrom.

[2] Reports contained in discovery indicate this interview took place on February 29, 2024; however, the video-recording of the interrogation is date- and time-stamped as commencing on March 1, 2024, at approximately 6:00 a.m.

[3] Holding that, where removal from office or employment is threatened, the Fourteenth Amendment protects individuals against coerced statements and prohibits their use in a subsequent criminal proceeding.

I. **Procedural Posture**

On May 13, 2024, Mr. Ferguson appeared before the Court for an initial appearance on a one-count indictment charging a violation of 18 U.S.C. 2243(a). ECF No. 1. The charge stems from an alleged encounter between Mr. Ferguson and a minor female on Naval Air Station Patuxent River, in St. Mary's County, Maryland, on January 9, 2024. Mr. Ferguson was released on May 13, 2024, with certain conditions, including home detention and location monitoring. ECF No. 10.

This matter is currently set for a motions hearing on December 10, 2024; pretrial conference on April 21, 2025; and a jury trial on May 5, 2025. ECF No. 30 (Scheduling Order).

II. **Relevant Factual Background**

Mr. Ferguson is 58 years old. He was born and raised in Leonardtown, Maryland, and resided in the area for most of his life. Mr. Ferguson suffers from high blood pressure and high cholesterol. In his nearly six decades of life, Mr. Ferguson has only had a handful of contacts with the criminal justice system and thus does not have extensive experience interacting with law enforcement, much less asserting his rights in this context. None of Mr. Ferguson's minimal, prior arrests involved serious allegations—the most recent was a suspended sentence Mr. Ferguson received over 30 years ago, for misdemeanor destruction of property. Prior to that, Mr. Ferguson's only criminal record involved misdemeanor theft charges, from when he was 19 and 22 years old, respectively.

Mr. Ferguson has no prior experience serving in the military. He did have a security clearance, but had only obtained it approximately two years before the alleged offense. Prior to this case, Mr. Ferguson had never interacted with the Naval Criminal Investigative Service

("NCIS"), nor any other federal law enforcement entities. At the time of his interrogation by NCIS officials, Mr. Ferguson worked as a contractor for Lockheed Martin, in the role of a mechanic. Prior to that, Mr. Ferguson drove a concrete mixer for a living. Much of Mr. Ferguson's employment history is in the trucking industry, where he had limited contact with others and little necessity for social or educational attainment. In fact, Mr. Ferguson struggled with communication, cognition and education throughout his life, and was placed in special education programming. Mr. Ferguson never graduated high school, nor did he ever obtain a high school equivalency diploma ("GED").

As it pertains to this case, on January 11, 2024, an investigation began regarding an alleged sexual abuse of a minor. Nearly two months later, on February 29, 2024, NCIS Special Agents Dakota Keith and Rachel Hackney brought Mr. Ferguson in for an in-person interview at Naval Air Station Patuxent River, Maryland. Mr. Ferguson was separated from coworkers, placed in a closed room with three federal agents, and was interrogated. Although an agent advised Mr. Ferguson of his Garrity rights, he was never informed of his Miranda rights.

### III.   Mr. Ferguson was subject to custodial interrogation without being provided Miranda warnings, meaning that any statements made during that interview must be excluded from evidence.

A custodial interrogation is one which is "initiated by law enforcement after a person has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Prior to a custodial interrogation, the person must be warned that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id. The inquiry to determine whether a defendant is in custody under Miranda

is an objective one, in which "the court considers whether 'a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave.'" United States v. Hashime, 734 F.3d 278, 283 (4th Cir. 2013) (quoting United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007)) (further citations omitted).  Relevant factors to this analysis include, but are not limited to, "the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the presence of multiple officers, the potential display of a weapon by an officer, and whether there was any physical contact between the officer and the defendant." Id. (quoting United States v. Day, 591 F.3d 679, 696 (4th Cir. 2010)) (further internal quotation marks and citations omitted).  Further, an individual being told they are free to leave "is not talismanic or sufficient in and of itself to show a lack of custody." United States v. Hargrove, 625 F.3d 170, 180 (4th Cir. 2010).

Several of these factors demonstrate that Mr. Ferguson was in custody at the time of the interrogation and that a reasonable person in his position would not have felt free to leave. Mr. Ferguson was questioned in a closed room on a naval air base by multiple federal law enforcement agents.  He had been separated from coworkers and was on a secured base, far from public view and behind multiple layers of security.  Mr. Ferguson was informed that there were multiple warrants related to this case, including for his car, cellular phone, and DNA.  Although officers told him that he was free to leave, the overwhelming circumstances surrounding the time, place, and manner of the interrogation would leave a reasonable person to infer just the opposite.  Likewise, as the Fourth Circuit instructed in Hargrove, any advisement or purported acknowledgement of being free to leave was not sufficient to demonstrate a lack of custody. See id.  As such, Mr. Ferguson was in custody and Miranda warnings were required.

## IV. Any statements made by Mr. Ferguson were involuntary.

Mr. Ferguson is entitled to a hearing regarding the voluntariness of any statements, whether oral or written, attributed to him, in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in United States v. Inman, 352 F.2d 954 (4th Cir. 1965).

For a statement to be admissible into evidence, it must be given freely and voluntarily without any compelling influences. United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997). The government must prove by a preponderance of the evidence that the defendant's statement was voluntary. Id. The appropriate test to determine voluntariness is "whether the defendant's will has been 'overborne' or his 'capacity for self-determination critically impaired.'" United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)). In making such a determination, courts must consider "the 'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." Id. (quoting United States v. Wertz, 625 F.2d 1128, 1134 (4th Cir. 1980)).

Mr. Ferguson is a 58-year-old man with minimal prior contact with the criminal justice system. Agents Keith and Hackney brought Mr. Ferguson into an interrogation room on a secured military base, closed the door, and eventually told Mr. Ferguson that he was suspected of sexual abuse of a minor. Mr. Ferguson indicated that he did not understand why he was speaking to law enforcement, and when asked if he agreed to speak with the agents, indicated he was doing so just so that he could understand what was going on. Mr. Ferguson, a man of limited means and education, was highly susceptible to coercion from law enforcement in this instance. The totality of the circumstances surrounding this interrogation

thus rendered Mr. Ferguson's statements involuntary. As such, any and all statements made by Mr. Ferguson in the February 29, 2024 interview must be suppressed.

## V.     Conclusion

For the foregoing reasons, Mr. Ferguson respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any and all statements he made on February 29, 2024, whether oral, written, or recorded.

Mr. Ferguson reserves the right to move for suppression of evidence based on grounds not now discernible, and to supplement this motion with additional arguments and information.

Respectfully submitted,

James Wyda
Federal Public Defender

_____/s/_____
Ellie C. Marranzini, #817525
Cynthia A. Frezzo, #817358
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770-4510
(301) 344-0600
(301) 344-0019 (fax)
Email: ellie_marranzini@fd.org
       cynthia_frezzo@fd.org