# EXHIBIT 2



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *Christopher M. Sarma*<br>*Assistant United States Attorney* | *Mailing Address:*<br>*6500 Cherrywood Lane, Suite 200*<br>*Greenbelt, MD 20770-1249* | *Office Location:*<br>*6406 Ivy Lane, 8th Floor*<br>*Greenbelt, MD 20770-1249* | *DIRECT:*<br>*MAIN: 301-344-4433*<br>*FAX: 301-344-4516* |

December 15, 2024

    Re:    <u>United States v. John Richard Ferguson</u>,
            DLB 24-152

Ellie Marranzini, Esq.
Cynthia Frezzo, Esq.
Assistant Federal Public Defenders
Office of the Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland 20770

Dear Counsel:

    Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the government hereby provides this notice of intent to call Margaret Sweeney as an expert witness in the above-referenced case.[1]

    As required by Rule 16, such disclosures include a complete statement of all opinions rendered by this witness that the government intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703, or 705, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). It additionally includes the bases and reasons for the opinions of the witness, the qualifications of the witness, publications authored by the witness in the previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert.

### <u>Margaret Sweeney – Common Victim Dynamics in Crimes Involving Sexual Abuse & Assault</u>

    Ms. Sweeney is a licensed social worker and forensic child interview specialist with the Federal Bureau of Investigation. In this capacity, she conducts forensic interviews of child and adolescent victims and/or witnesses to include sexual and physical abuse, exploitation and develops, coordinates, and provides training for FBI agents, local, federal, tribal and international

---

[1] The Government requests that pursuant to Fed. R. Crim. P. 16(b)(1) you promptly provide us with adequate notice of any experts you intend to call at trial, including a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

law enforcement. Before joining the FBI in 2020, she worked for the Mission Kids Child Advocacy Center for a decade, including as their program manager. She has completed extensive professional training, attended numerous trainings and conferences, and has passed many certification courses to conduct such work. Ms. Sweeney's testimony will be based on her education, training, and experience (as set forth in her CV).

Ms. Sweeney has over a decade of experience working with and interviewing adolescent and child victims of sexual abuse and assault. Ms. Sweeney has participated in thousands of investigations involving allegations of sexual abuse and assault and has interviewed thousands of witnesses and victims. Specifically, she has conducted approximately 2,500 interviews over 14 years that include cases of online sexual explanation, including CSAM production and sextortion, human trafficking, and sexual and physical abuse cases. Ms. Sweeney has continually received training on forensic interviewing, trauma responses, and victim dynamics.

Ms. Sweeney has been provided with minimal background information regarding this case. Her testimony will be based on her experience working with many alleged and confirmed victims of crimes involving sexual abuse and assault, her education as a licensed, master's level social worker in the state of Pennsylvania, and professional training she has received and conducted specifically regarding trafficking, online exploitation, and other crimes involving sexual abuse and assault and victim services.

### Qualifications, Publications and Testimonies

This notice incorporates Ms. Sweeney's CV, which is being produced in this discovery volume. Ms. Sweeney has not authored any publications in the last 10 years. In the last four years, Ms. Sweeney has testified twice as an expert.

- *United States v Ryan Edward Thompson,* Criminal No. 23-211 (JRT/LIB), District of Minnesota.

- *United States v Jarrod Sanford,* Criminal No. 2:24-CR-20021-TLP, Western District of Tennessee.

### The Witness's Opinions

The Government will move to certify Ms. Sweeney as an expert in Common Victim Dynamics in Crimes Involving Sexual Abuse & Assault.

At trial, the Government expects Ms. Sweeney to explain the ways that victims who have been sexually abused, assaulted, and exploited tend to react and cope during and after these experiences. As outlined further below, the Government expects her to describe the dynamics around the disclosure of abuse and reporting behaviors, including gradual and delayed disclosures, minimization, and recantation; victim behavior at the time of abuse/assault; victim behavior after abuse/assault and/or disclosure; as well as the dynamics of abuse/assault when the perpetrator occupies a position of trust.

JF_1461

*Disclosure of abuse and reporting behaviors*

- Many individuals who have experienced sexual abuse never disclose their experiences for a wide variety of reasons, particularly those who have experienced abuse by a known offender.

- Of those who do disclose sexual abuse, many do not disclose right away (delayed disclosure) and the disclosure may be initially tentative and/or gradual over a period of time.

- Denial of the abuse or recantation of the allegation of abuse is not uncommon.

- The impact of trauma, such as that experienced during sexual abuse, influences memory and reporting practices in a variety of ways. Recall may be affected however, this does not mean that the accuracy of the memories stored is impaired as a result.

- Cognitive, educational, and other factors impact how an individual who has been sexually abused interprets their abusive experience and the reporting process in a variety of ways.

- Many factors may influence an individual's decision to withhold or postpone a disclosure of sexual abuse including feelings of shame or responsibility for the abuse, guilt, stigma associated with the dynamics of the abuse, bribes by the offender to maintain secrecy, perceived, implicit, or explicit threats, fear of harm or negative repercussions to self or others (including the offender, family members and other parties) for disclosing, conflicted loyalties, fear that no one will believe the allegation, concern about systemic involvement, immigration consequences, past experience with law enforcement and lack of support structure.

*Victim behavior at the time of abuse*

- There is no one "normal" response for all victims. Victims of sex offenses involving sexual assault and abuse experience a wide range of responses.

- Some victims, particularly those who are young and have experienced grooming and repeated sexual abuse may not know that what they are experiencing is abuse.

- Many victims experience a sense of helplessness regarding the abuse or assault and show accommodation behaviors. As a result, one common response can be a lack of physical or verbal resistance, particularly when the abuse is ongoing and the offender is an authority figure. This may be especially true if they have attempted to disclose and active protective measures are not taken.

- Victims who experience a physiological response or pleasurable sensation during an abusive incident or who have not displayed overt resistance may feel increased confusion, self-blame, shame, or guilt regarding the abuse or assault.

*Victim behavior after abuse and/or disclosure*

- There is no standard victim behavior after abuse has occurred or a disclosure has been made.

- Some victims display behavioral and/or emotional changes while others do not. For those who do, the range of behaviors and emotions is wide and varied.

- This may also be impacted by the victim's gender, developmental level, and whether or not there is continued contact with the offender.

- The availability and level of support from others, the extent to which there is engagement in effective mental health treatment, institutional response to disclosure, cultural considerations, and many other factors may impact a victim's short and long term response in the aftermath of offenses involving sexual assault and abuse.

**Impact of abuse by a known offender/someone in a position of authority**

- The relationship between the victim and the offender has a large impact on a victim's response to the abuse, feelings about the offender, and reporting behaviors.

- Individuals who have experienced abuse by an authority figure may be less likely to disclose their experiences immediately, if at all, for a variety of reasons. The knowledge of others being abused by the offender may impact disclosure.

- Anticipated reactions to allegations of abuse may affect a victim's willingness to disclose and has an impact on various aspects of a disclosure including who the victim discloses to, the timing of the disclosure, the level of details provided, and if the victim maintains the disclosure over time (minimization or recantation). It may also impact the victim's behavior after abuse.

    Ms. Sweeney has not been provided with very much specific information regarding the details of this case. Her testimony will be based on her experience working with many alleged and confirmed victims of crimes involving sexual abuse and assault, her education as a licensed, master's level social worker in the state of Pennsylvania, and professional training she has received and conducted specifically regarding trafficking, online exploitation, and other crimes involving sexual abuse and assault and victim services.

    The Government reserves the right to elicit further testimony, consistent with the anticipated testimony and methods described above. The Government also reserves the right to

elicit testimony from its expert in response to other matters, which may arise during trial or in response to evidence presented in the defendant's case.

Very truly yours,

Erek L. Barron
United States Attorney

Digitally signed by CHRISTOPHER SARMA
Date: 2024.12.16 09:54:54 -05'00'

Christopher Sarma
Megan McKoy
Ranganath Manthripragada
Assistant United States Attorneys

Pursuant to Fed. R. Crim. P. 16(a)(1)(G)(v), I approve the foregoing disclosure.

Margaret Rae Sweeney, MSW, LSW
Federal Bureau of Investigation

5

JF_1464