IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JOHN RICHARD FERGUSON,

    Defendant.

Criminal No. DLB-24-152

## MOTION TO EXCLUDE TESTIMONY OF CHARLES BRAINERD

The Government moves to exclude Dr. Charles Brainerd from testifying as a rebuttal expert witness at trial, because his proposed testimony will not be relevant and also unduly prejudicial. *See* FRE 401, 403. Specifically, Defense Counsel intends to call Dr. Brainerd to rebut the Government's expert Margaret Sweeney. *See* Ex. A (Brainerd Disclosure). Dr. Brainerd intends to "testify about the scientific unreliability of certain areas of forensic testimony, including repressed memory syndrome ("RMS") and CSAAS [child sexual abuse accommodation syndrome]. Dr. Brainerd will testify that Ms. Sweeney's proffered opinion is not based on reliable scientific methods, and that CSAAS generally is not accepted as scientifically reliable." *Id.*

In forming her expert opinions, Ms. Sweeney did not rely on either RMS or CSAAS to form her opinions. Therefore, Dr. Brainerd's discussion of these syndromes is irrelevant and would likely confuse the jury.

### BACKGROUND

On May 9, 2024, a grand jury sitting in the District of Maryland returned an indictment against the Defendant for one count of sexual abuse of a minor. ECF No. 1. He was arrested on May 13, 2024 and had his initial appearance the same day. ECF Nos. 5, 6. On February 20, 2025, a grand jury sitting in the District of Maryland returned a superseding indictment against the

Defendant for one count of aggravated sexual abuse of a minor and one count of sexual abuse of a minor. ECF No. 58.

On December 15, 2024, the Government disclosed to Defense Counsel that it intended to call Margaret Sweeney as an expert witness at trial, which is scheduled to begin on May 5, 2025. Ms. Sweeney is a licensed social worker who works as a forensic child interview specialist at the FBI. Ex. B (Sweeney CV). She has completed forensic interviewing trainings with the National Children's Advocacy Center ("NCAC"), Homeland Security Investigations ("HSI"), and the FBI. *Id.* Ms. Sweeny will testify about common "ways that victims who have been sexually abused, assaulted, and exploited tend to react and cope during and after these experiences." Ex. C at JF_1461 (Sweeney Disclosure). Her testimony will be based on the thousands of forensic interviews that she has performed. *Id.* at JF_1463.

On February 20, 2025, Defense Counsel noticed Dr. Charles Brainerd as a rebuttal expert to Margaret Sweeney. According to the expert disclosure, Dr. Brainerd is a Cornell Professor who "is an expert in human memory, particularly with subject populations whose memories are compromised in some way, including children and adolescents." Ex. A (Brainerd Disclosure). Dr. Brainerd plans to testify primarily about the reliability of RMS and CSAAS. Ex. D at 4 (Brainerd Opinion). Dr. Brainerd admits that neither RMS nor CSAAS are mentioned in Ms. Sweeney's disclosure, but he says, "the topics Ms. Sweeney proposes to testify about are straight out of CSAAS." *Id.*

The Government expects that Ms. Sweeney will testify that she is not familiar with the terms RMS and CSAAS, and she will not discuss either syndrome. Ms. Sweeney also does not know who Roland Smith is. Instead, her testimony will be based on the forensic interviews that

she has previously administered. Ms. Sweeney does not believe that the NCAC or FBI forensic interviews rely on either syndrome or any of Roland Smith's work.

## ARGUMENT

### I. Dr. Brainerd's Testimony is Irrelevant.

Because Dr. Brainerd's testimony does not rebut the topics to which Ms. Sweeney will testify, the Court should exclude his testimony as irrelevant. Federal Rule of Evidence 702 requires expert testimony to be both reliable and relevant. *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 284 (4th Cir. 2021). For evidence to be relevant, it must have "the 'tendency to make a fact more or less probable than it would be without the evidence," and then only if that "fact is of consequence in determining the action.'" *United States v. Freitekh*, 114 F.4th 292, 316 (4th Cir. 2024) (quoting Fed. R. Evid. 401(a)–(b)).

Dr. Brainerd's attacks on RMS nor CSAAS are of no consequence to making a fact more or less probable during this trial. No Government witness will discuss either syndrome nor will the Government argue to the jury that these syndromes are relevant to explaining the evidence in this case. Thus, Dr. Brainerd's testimony will not bear on a fact at issue at trial.

### II. Dr. Brainerd's Testimony is Prejudicial.

Even if the Court finds that Dr. Brainerd's proposed testimony is marginally probative, the Court should still exclude the testimony under Federal Rule of Evidence 403. Expert testimony is inadmissible if it is unduly prejudicial such as by misleading the jury. *See, e.g.*, *United States v. Rodriguez-Berrios*, 445 F. Supp. 2d 190, 194 (D.P.R. 2006); *Daubert v. Merrell Dow Pharms.*,

Inc., 509 U.S. 579, 592 (1993) (expert testimony must "assist the trier of fact to understand or determine a fact in issue").

At minimum, the Court should deny Dr. Brainerd from testifying under Federal Rule of Evidence 403. Dr. Brainerd's testimony will introduce the topics of RMS or CSAAS to the jury. The jury will likely be confused and think that Ms. Sweeney's expert testimony relied on RMS or CSAAS. To avoid jury confusion, the Court should deny Dr. Brainerd from testifying.

## CONCLUSION

The Court should grant the Government's motion to exclude the testimony of Dr. Charles Brainerd.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:     /s/
Christopher Sarma
Megan McKoy
Assistant United States Attorneys